**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDY D. KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-429-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #31). By Order and Opinion entered March 29, 2016, this Court reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 36.50 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,241.50 under the authority of the Equal Access to Justice Act ("EAJA"), which reflects a voluntary ten percent reduction in the fee request. The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified. Because Claimant was required to file a reply to respond to the Commissioner's objection, he filed a Supplemental Motion for Attorney Fees to include 18.60 hours of legal time or $3,420.00. However, Claimant reduces the request by

half to $1,710.00.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. This Court rejected many of Claimant's arguments on appeal but did find the ALJ failed to consider the totality of Dr. Vaught's restrictions in his RFC assessment or hypothetical questioning of the vocational expert which ultimately affected his findings at steps four and five. The ALJ's decision was also reversed for failing to provide sufficient

affirmative links in the evidence and the ALJ's discounting of Claimant's credibility, consideration of lay testimony, and obtaining medical records to fulfill his obligation to develop the record. Nothing in the Commissioner's objections to the EAJA fee application would render these omissions "substantially justified."

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Claimant's reply will be awarded.

IT IS THEREFORE ORDERED that Claimant's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #31) and Claimant's Supplemental Motion for Attorney Fees (Docket Entry #34) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $7,951.50.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE